IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:06-1148-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Christopher Frank Landrum, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Christopher Frank Landrum's ("Landrum") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Landrum's § 2255 motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On March 5, 2007, Landrum pled guilty to conspiracy to possess with intent to distribute cocaine. On June 18, 2007, the court sentenced Landrum to two hundred sixty-four months' imprisonment. Landrum filed a pro se § 2255 motion on December 18, 2007. On December 20, 2007, this court granted Landrum's § 2255 motion in part, vacating his sentence and immediately reinstating it in order to allow Landrum to file a direct appeal. The court dismissed the remaining claims raised in Landrum's § 2255 motion without prejudice. Landrum appealed his conviction and sentence on January 2, 2008. On September 26, 2008, the United States Court of Appeals for the Fourth Circuit dismissed Landrum's appeal finding that he waived his right to appeal pursuant to a waiver in his plea agreement. United States v. Landrum, No. 08-4095, 2008 WL 4410181, at *2 (4th Cir. Sept. 26, 2008) (unpublished). The United States Supreme Court denied Landrum's petition for writ of certiorari on January 21, 2009. Landrum v. United States, 129 S. Ct. 1024, 1024 (U.S. 2009). Landrum filed the instant § 2255 motion

on January 19, 2010.[1]  In his § 2255 motion, Landrum alleges ineffective assistance of counsel, involuntary guilty plea, and breach of his plea agreement.  (Landrum § 2255 Mot. 5-6.)

## II. Discussion of the Law

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Landrum must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  With respect to the second prong, Landrum must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Landrum alleges that his trial counsel was constitutionally ineffective because counsel failed to (1) "object to the quantity of drugs attributed to him," (2) "give notice to th[e] court to how the Federal Sentence was to run with his undischarged State Sentence," and (3) "inform [him] that he would be sentenced as a Career Criminal."  (Landrum § 2255 Mot. 5.); (Landrum Mem. Supp. § 2255 Mot. 6.)

First, Landrum alleges that counsel should have objected during his guilty plea hearing to the quantity of drugs attributed to him.  (Landrum § 2255 Mot. 5.)  Additionally, Landrum asserts that plea counsel did not allow him to "review informations that w[ould] be used against him at sentencing . . . this error allowed the district Court to sentence [him] without any

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

2

objections on recommendations by the PSI officer and the amount of drugs that would be attributed to [him]." (Landrum Mem. Supp. § 2255 Mot. at 5.)

According to Landrum's Presentence Investigation Report ("PSR"), Landrum

> would obtain between two and three kilograms of powder cocaine from Tyla Gary on a weekly basis. According to Brad Williams, Tyla Gary provided between two and three kilograms of powder cocaine per week for approximately four months during 1999. Using the lowest figures possible, two kilograms per week for sixteen weeks establishes a total of 32 kilograms of powder cocaine. Tyla Gary reported that she began selling powder cocaine to Chris Landrum in 1999 and that she continued to sell cocaine to Landrum until his arrest in October 2001. Gary estimated that she sold between five and ten kilograms of cocaine to Landrum. Based on corroborating statements, this conspiracy involved between five kilograms and thirty-two kilograms of powder cocaine and at least 50 grams of crack cocaine. A conservative estimation of at least fifteen kilograms but less than 50 kilograms of powder cocaine will be used for guideline calculations.

(PSR ¶ 7.) According to the PSR, the drug amount attributed to Landrum provided a base offense level of 34 for the drug portion of the conspiracy. After addition of the murder cross-reference and enhancement for physically restraining the victim and subtraction for acceptance of responsibility, Landrum's total offense level was 42. Landrum's criminal history placed him in Category VI. A total offense level of 42 with a criminal history category of VI provides an advisory guideline range of 360 months to life imprisonment. At sentencing, the court granted counsel's objection to application of the murder cross-reference guideline, which lowered Landrum's total offense level to 34 with a criminal history category of VI, providing an advisory guideline range of 262 to 327 months' imprisonment. The court sentenced Landrum to 264 months' imprisonment. As part of his plea agreement, the Government agreed to recommend a sentence of 264 months' imprisonment.

> At his plea hearing, the court asked Landrum the following:
>
> **The Court:** Looking at what appears to be your plea agreement, on the last page of the agreement . . . [o]n Page 8 there appears to be your signature. Is that your signature? Do you want to show it to him?
>
> **The Defendant:** Yes, sir.
>
> **The Court:** Have you and your attorney thoroughly reviewed this plea agreement?
>
> **The Defendant:** Yes, sir.
>
> **The Court:** Do you understand each and every provision of this agreement?
>
> **The Defendant:** Yes, sir.

(Guilty Plea Tr. 7.) Landrum was aware that the Government was going to recommend a sentence of 264 months' imprisonment. Further, Landrum has failed to provide any evidence to establish any discrepancy with the quantity of drugs attributed to him. Landrum also does not suggest that he presented his attorney with any information on which to base an objection to the PSR regarding the drug quantity. Moreover, at sentencing, when asked whether he and his attorney thoroughly reviewed the PSR, Landrum responded, "Yes." (Sentencing Tr. 2.) When asked if he had any complaints of his attorney or anyone in connection with his case, Landrum answered, "No, sir." (Id.) Additionally, when asked by the court if he had objections to anything in the PSR, Landrum responded, "No, sir." (Id. at 4.) Accordingly, the court finds that Landrum has failed to provide any evidence that counsel's representation fell below an objective standard of reasonableness or that he was prejudiced by his counsel's performance. Consequently, Landrum's claims for ineffective assistance of counsel for counsel's failure to object to the quantity of drugs attributed to him and failure to allow him to review his PSR are without merit.

Second, Landrum alleges ineffective assistance of counsel for counsel's failure to "give notice to this court to how the Federal Sentence was to run with his undischarged State Sentence." (Landrum Mem. Supp. § 2255 Mot. 6.) At sentencing, counsel attempted to inform the court that pursuant to the plea agreement the Government recommended that Landrum's sentence be served concurrent with his state sentence. The court, however, informed counsel and Landrum that it was not bound by the plea agreement. (Sentencing Tr. 4.) Moreover, according to the terms of Landrum's plea agreement, the Government agreed to "*recommend* a sentence of 264 months and that the sentence be run concurrent to the state sentence presently serving. [Landrum] understands that these stipulations *are not binding* upon the Court." (Landrum Mem. Supp. § 2255 Mot. Ex. 1 (Plea Agreement ¶ 11) (emphasis added).) The court was notified of the terms of the plea agreement and the recommended sentence. However, as clearly stated in the plea agreement and as expressed by the court at sentencing, the court was not bound by the recommendation of the Government. Therefore, Landrum's claim for ineffective assistance of counsel for counsel's failure to notify the court about the terms of the plea agreement is without merit.

Third, Landrum alleges ineffective assistance of counsel for counsel's failure to inform him that he "was looking at being sentenced as a career criminal."[2] (Id. at 9.) According to Landrum, "had [he] had this information [he] would have insisted on going to trial instead of pleading guilty." (Id.) Landrum's plea agreement states that he is a "career offender pursuant to 4B1.1." (Id. Ex. 1 (Plea Agreement ¶ 11).) As discussed above, at his plea hearing, Landrum

---

[2] Landrum requests an evidentiary hearing as to his ineffective assistance of counsel claims. The court finds that an evidentiary hearing is not necessary.

testified that he had read and understood the terms of his plea agreement. Accordingly, Landrum was aware that he was a career offender prior to entering into a guilty plea. He stated that he understood each provision of his plea agreement. Moreover, Landrum's plea agreement states that the Government would recommend a sentence of two hundred sixty-four months' imprisonment and Landrum was sentenced to two hundred sixty-four months' imprisonment. Accordingly, Landrum has failed to establish that counsel was objectively unreasonable or that he was prejudiced by counsel's performance. Landrum's ineffective assistance of counsel claim, therefore, is without merit.

Landrum also alleges that his guilty plea was involuntary. (Landrum § 2255 Mot. 5.) Landrum raised this issue on direct appeal; however, the Court of Appeals for the Fourth Circuit held that Landrum's appellate waiver within his plea agreement is valid and enforceable. Accordingly, the Fourth Circuit dismissed Landrum's appeal based on waiver. Landrum, 2008 WL 4410181, at *2. As such, Landrum has waived his right to assert an involuntary guilty plea in the instant § 2255 motion.

To the extent that Landrum alleges an involuntary guilty plea due to ineffective assistance of counsel, the court finds that this claim is without merit. "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. at 56 (internal quotation marks omitted). As discussed above, Landrum has failed to demonstrate that counsel was constitutionally ineffective. As such, Landrum's involuntary guilty plea claim based on ineffective assistance of counsel is without merit.

Finally, Landrum alleges a breach of the plea agreement.[3] (Landrum § 2255 Mot. 6.) Landrum asserts that the "Government agreed to recommand [sic] a concurrent sentence as stated on a plea agreement, yet fail[ed] to do so at the time of sentencing." (Id.) This claim is without merit. As explained above, Landrum was specifically informed in his plea agreement that neither the Government nor his counsel had promised him a specific sentence. (Landrum Mem. Supp. § 2255 Ex. 1 (Plea Agreement 1).) Moreover, the plea agreement states that the Government agreed to "recommend" that his federal sentence be served concurrently to his state sentence, but that such recommendation was "not binding upon the Court." (Id. Ex. 1 (Plea Agreement 6).) The sentencing transcript does not reveal that the Government sought or recommended a consecutive sentence. Additionally, during sentencing, the court explained that it was not bound to the terms of the plea agreement. (Sentencing Tr. 3.) The plea agreement does not promise Landrum a concurrent sentence. Therefore, Landrum has failed to establish a breach in his plea agreement and this claim is without merit.

---

[3] The court interprets Landrum's allegations as a claim for prosecutorial misconduct. Pursuant to the terms of the plea agreement, Landrum did not waive his right to raise claims of prosecutorial misconduct. See (Landrum Mem. Supp. § 2255 Mot. Ex. 1 (Plea Agreement ¶ 14).).

It is therefore

**ORDERED** that Landrum's § 2255 motion, docket number 108, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Landrum has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                                   s/Henry M. Herlong, Jr.
                                                   Senior United States District Judge

Greenville, South Carolina
March 12, 2010

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.