IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 7:06-1148-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Christopher Frank Landrum, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Christopher Frank Landrum's ("Landrum") motion for a sentence reduction pursuant to the First Step Act, Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194.

On March 5, 2007, Landrum pled guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine pursuant to 21 U.S.C. § 841(b)(1)(A). On June 18, 2007, the court sentenced Landrum to two hundred sixty-four months' imprisonment. Landrum filed a pro se 28 U.S.C. § 2255 motion on December 18, 2007, alleging, in part, that his counsel was ineffective for failing to file an appeal. On December 20, 2007, this court granted Landrum's § 2255 motion in part, vacating his sentence and immediately reinstating it in order to allow Landrum to file a direct appeal. The court dismissed the remaining claims raised in Landrum's § 2255 motion without prejudice. Landrum appealed his conviction and sentence on January 2, 2008. On September 26, 2008, the United States Court of Appeals for the Fourth Circuit dismissed Landrum's appeal, finding that he waived his right to appeal pursuant to a waiver in his plea agreement. United States v. Landrum, No. 08-4095, 2008 WL 4410181, at *2 (4th Cir. Sept. 26, 2008) (unpublished). The United States Supreme Court denied Landrum's petition for writ of certiorari on January 21, 2009. Landrum v. United States, 129 S. Ct. 1024, 1024 (2009).

Landrum filed the instant motion to reduce his sentence on January 11, 2019. (Mot. Reduce, ECF No. 143.) The court denied the motion on May 16, 2019. (May 16, 2019 Order, ECF No. 155.) Landrum appealed, and on June 15, 2020, the Fourth Circuit vacated and remanded the case for consideration in light of its decision in United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020). United States v. Landrum, No. 19-6773 (4th Cir. Jun. 15, 2020) (unpublished) ("When the district court considered Landrum's First Step Act motion, it did not have the benefit of our recent decision in Gravatt, where we held that a defendant convicted of a dual-offense conspiracy to possess with intent to distribute crack cocaine and powder cocaine was convicted of a covered offense under the FSA. Under Gravatt, Landrum is eligible to have his First Step Act motion reviewed on the merits.") (internal citation omitted). This matter is ripe for review.

The Fair Sentencing Act of 2010 reduced the sentencing disparity between cocaine base and powder cocaine offenses. Pub. L. No. 111-220, August 3, 2010, 124 Stat. 2372. The First Step Act made the Fair Sentencing Act retroactive, and thus applicable to Landrum. Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194.

Landrum's drug conviction is a covered offense under the First Step Act.[1] However, application of the First Step Act does not impact Landrum's guideline range under the United States Sentencing Guidelines ("U.S.S.G.") or the statutory provisions applicable to Landrum. Irrespective of whether the applicable U.S.S.G. range is lowered, the Fair Sentencing Act allows for consideration of a reduced sentence for a covered offense under the Fair Sentencing Act. Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194 ("A court that imposed a sentence for

---

[1] United States v. Gravatt, 953 F.3d 258, 264 (4th Cir. 2020).

2

a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."). Thus, although Landrum's guideline range and statutory penalties did not change, he may be considered for a reduced incarceration sentence under the First Step Act. United States v. Wirsing, 943 F.3d 175, 186 (4th Cir. 2019) ("All defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii), and who are not excluded pursuant to the expressed limitations in Section 404(c) of the First Step Act, are eligible to move for relief under that Act. District courts then 'may,' at their discretion, 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.'"); Gravatt, 953 F.3d at 264.

However, Landrum is not entitled to a full resentencing hearing because any relief obtained under 18 U.S.C. § 3582(c)(1)(B) "does not affect the finality of the original underlying sentence and judgment." United States v. Shelton, Cr. No. 3:07-329 (CMC), 2019 WL 1598921, at *3 (D.S.C. Apr. 15, 2019) (unpublished) (citing United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir. 2001) (explaining "[t]he plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment."); Wirsing, 943 F.3d at 181 n.1 ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary resentencing.").

Based on the foregoing, the court will consider whether to reduce Landrum's incarceration sentence based on the record in this case, those factors set forth in 18 U.S.C.

3

§ 3553(a), and any post-sentencing mitigation.  Therefore, the parties are ordered to file any pertinent information for the court's consideration by August 11, 2020.

    **IT IS SO ORDERED.**

                                                    s/Henry M. Herlong, Jr.
                                                    Senior United States District Judge

July 7, 2020
Greenville, South Carolina