IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America )<br>)<br>vs. )<br>)<br>Christopher Frank Landrum, )<br>)<br>Defendant. ) | Cr. No. 7:06-1148-HMH<br><br>**OPINION & ORDER** |

The matter is before the court on remand from the United States Court of Appeals for the Fourth Circuit for reconsideration of Defendant Christopher Frank Landrum's ("Landrum") motion under the First Step Act, Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194, in light of the recent decision in United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020).

On March 5, 2007, Landrum pled guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine pursuant to 21 U.S.C. § 841(b)(1)(A). On June 18, 2007, the court sentenced Landrum to two hundred sixty-four months' imprisonment. Landrum filed a pro se 28 U.S.C. § 2255 motion on December 18, 2007, alleging, in part, that his counsel was ineffective for failing to file an appeal. On December 20, 2007, this court granted Landrum's § 2255 motion in part, vacating his sentence and immediately reinstating it in order to allow Landrum to file a direct appeal. The court dismissed the remaining claims raised in Landrum's § 2255 motion without prejudice. Landrum appealed his conviction and sentence on January 2, 2008. On September 26, 2008, the United States Court of Appeals for the Fourth Circuit dismissed Landrum's appeal, finding that he waived his right to appeal pursuant to a waiver in his plea agreement. United States v. Landrum, No. 08-4095, 2008 WL 4410181, at *2 (4th Cir. Sept. 26, 2008) (unpublished). The

United States Supreme Court denied Landrum's petition for writ of certiorari on January 21, 2009.  Landrum v. United States, 555 U.S. 1147, 1147 (2009).

Landrum filed the instant motion to reduce his sentence on January 11, 2019.  (Mot. Reduce, ECF No. 143.)  The court denied the motion on May 16, 2019.  (May 16, 2019 Order, ECF No. 155.)  Landrum appealed, and on June 15, 2020, the Fourth Circuit vacated and remanded the case for consideration in light of its decision in United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020).  United States v. Landrum, No. 19-6773 (4th Cir. Jun. 15, 2020) (unpublished) ("When the district court considered Landrum's First Step Act motion, it did not have the benefit of our recent decision in Gravatt, where we held that a defendant convicted of a dual-offense conspiracy to possess with intent to distribute crack cocaine and powder cocaine was convicted of a covered offense under the FSA.  Under Gravatt, Landrum is eligible to have his First Step Act motion reviewed on the merits.") (internal citation omitted).  The court ordered the parties to submit any pertinent information for the court's consideration of this motion.  The Government filed a response on July 14, 2020.  (Gov't Resp., ECF No. 176.)  Landrum filed a response on August 10, 2020.  (Landrum Resp., ECF No. 177.)  This matter is ripe for review.

The court has considered the factors under 18 U.S.C. § 3553(a)[1] in light of the record in this case. Landrum's conduct in this case was very serious and his prior record is lengthy, involving drugs, firearms, robbery, and involuntary manslaughter. However, the court finds that a sentence of less than two hundred sixty-four months' imprisonment sufficiently reflects the seriousness of Landrum's offense. The court has considered the facts underlying Landrum's conviction and prior record. Further, the court has considered Landrum's disciplinary record

---

[1]18 U.S.C. § 3553(a) provides as follows:
(a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
  (2) the need for the sentence imposed--(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available;
  (4) the kinds of sentence and the sentencing range established for--(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . . ;
  (5) any pertinent policy statement--(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

while incarcerated and other post-sentencing mitigation. Based on the foregoing, the court reduces Landrum's sentence to two hundred forty months' imprisonment with a supervised release term of 5 years. The court believes that this sentence provides just punishment and adequately reflects the seriousness of his offense. In addition, this sentence will adequately protect the public and promote deterrence for criminal conduct.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

August 12, 2020
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Movant is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.